UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WILLIAMS, # 221217,

    Plaintiff,

v.

SUE KENT, et al.,

    Defendants.

Case No. 1:09-cv-481

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by a former pretrial detainee. Plaintiff filed this lawsuit on May 26, 2009, while he was held at the Cass County jail. The defendants are Registered Nurse Sue Kent, Certified Family Nurse Practitioner Joseph Mashni, and Van Buren County.[1] Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in violation of his Fourteenth Amendment rights. Specifically, he alleges that the defendant nurses provided him with the wrong medications at incorrect dosages for effective treatment of his hypertension. He alleges that Van Buren County played a role in determining the medications he received in the Cass County jail. Plaintiff seeks injunctive relief and $20,000,000 dollars in damages against each defendant.

---

[1] Plaintiff named the Van Buren County Health Department as a defendant. The municipal department is not a separate legal entity. Plaintiff's suit against the department is deemed to be a suit against the municipal defendant: Van Buren County. *See* MICH. COMP. LAWS § 333.2413; *accord Haverstick Ent., Inc. v. Financial Fed. Credit, Inc.*, 32 F.3d 989, 992 n. 1 (6th Cir. 1994); *Robertson v. City of Grand Rapids*, No. 1:06-cv-451, 2008 WL 2224173, at * 1 n.1 (W.D. Mich. May 27, 2008)(collecting cases).

The matter is now before the court on defendants' May 28, 2010 motion for summary judgment. (docket # 53). On June 28, 2010, plaintiff filed a lengthy response (docket #s 56-59) which includes a request under Rule 56(d)[2] of the Federal Rules of Civil Procedure that the court deny or delay its decision on defendants' motion. For the reasons set forth herein, I recommend that plaintiff's Rule 56(d) motion (docket # 59) be denied. I further recommend that plaintiff's claims for injunctive relief be dismissed as moot. I further recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's damage claims.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[3] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party

---

[2]On December 1, 2010, Rule 56(d) replaced former Rule 56(f). The Advisory Committee notes make pellucid that Rule 56(d) "carries forwards without substantial change the provisions of former subdivision (f)." *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

[3]"The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

### Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff was a detainee in the Cass County jail from February 28, 2009, until his January 29, 2010 transfer into the custody of the Michigan Department of Corrections (MDOC). (docket # 56-1 at ID#s 340-41; Plf. Decl. ¶ 12,

docket # 58). Registered Nurse Sue Kent and Certified Family Nurse Practitioner Joseph Mashni were among the medical professionals who treated plaintiff while he was a detainee. (Kent Aff. ¶¶ 2-6, docket # 54-3; Mashni Aff. ¶¶ 2-6, docket # 54-10).

On February 28, 2009, plaintiff received his intake examination and medical screening at the Cass County jail. (Kent Aff. ¶¶ 7-8; docket # 54-4 at ID#s 202-05; docket # 54-7 at ID# 237; docket # 56-1 at ID#s 349-52, 384; docket # 56-2 at ID#s 461-66). He signed a release granting the jail's medical care providers access to his pre-confinement medical records, and those records were received within two or three days. (docket # 54-6 at ID#s 222-35; Kent Aff. ¶ 13; Mashni Aff. ¶ 13). The three medications that plaintiff brought to jail with him to help control his hypertension were Atenolol 50 mg, Lisonopril 40 mg, and HCTZ 50 mg. Plaintiff received prescription medications throughout his confinement at the Cass County jail. (docket #s 54-5, 54-7; docket # 56-1 at ID#s 354-65, 384, 474-85; Kent Aff. ¶¶ 9-12; Mashni Aff. ¶¶ 9-12). There is no medical evidence that plaintiff received the wrong medications or incorrect dosages.

The medical records reveal that plaintiff's blood pressure was monitored on a regular basis. (docket # 54-7; docket # 56-1 at ID#s 384-93, 466-67). On the night of July 31, 2009, plaintiff's blood pressure was high and he vomited. He was taken to the jail's medical ward for treatment and he remained under close medical supervision for more than two days. (Mashni Aff. ¶ 22; docket # 56-1 at ID#s 390-92; docket # 56-2 at ID#s 521-23; docket # 56-3 at ID#s 530-31, 575).

Plaintiff made subjective complaints of side pain that did not appear to reflect any serious medical condition. Nonetheless, plaintiff received x-rays on September 19, 2009, and urine tests on May 7, May 19, June 16, and September 19, 2009, in an effort to determine whether there

was a medical cause for his complaints. Plaintiff was provided with antibiotics as treatment for a possible urinary tract infection and Tylenol for pain relief. His prescriptions were modified in an effort to discern whether the medications were causing plaintiff's reported discomfort. (Mashni Aff. ¶¶ 18-20, docket # 54-8; Kent Aff. ¶¶ 18-22; Plf. Decl. ¶¶ 52-55, 62-65; docket # 56-1 at ID#s 395-405; docket # 56-2 at ID#s 513-19).

On January 29, 2010, plaintiff was sentenced and transferred into the MDOC's custody. A physician has opined that the treatment plaintiff received at the Cass County jail was medically appropriate. (Richard Ilka, M.D. Aff. ¶¶ 5-7, docket # 54-11).

## Discussion

**1.     Defendants' Motion for Summary Judgment is Ready for Decision**

As a threshold matter, the court must determine whether defendants' motion for summary judgment is ready for decision. Plaintiff filed this lawsuit in May 2009. Discovery closed on April 30, 2010. (docket # 19). Defendants filed their motion for summary judgment on May 28, 2010. Plaintiff's response (docket #s 56-59) includes an "Affidavit of Truth" invoking former Rule 56(f) of the Federal Rules of Civil Procedure and expressing plaintiff's general dissatisfaction with the adequacy of defendants' answers to his discovery requests. (docket # 59). Plaintiff asks the court to deny defendants' motion or "order a continuance" to enable him to conduct additional discovery or obtain affidavits. (*Id.* at ID # 618).

The Sixth Circuit reviews decisions granting or denying Rule 56(d) motions under an abuse of discretion standard. *See Cardinal v. Metrish*, 564 F.3d 794, 797-98 (6th Cir. 2009); *see also Sigmon v. Appalachian Coal Prop., Inc.*, No. 08-6258, 2010 WL 3736276, at * 8 (6th Cir. Sept.

17, 2010) ("[T]he trial court's decision is subject to review only for abuse of discretion."). The party seeking relief under this rule has the burden of showing his need for further discovery, what material facts he hopes to uncover, and why he has not previously discovered the information. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004). Plaintiff has not carried his burden on any of these requirements.

Defendants' motion for summary judgment has been pending for seven months. There is no evidence that plaintiff attempted to obtain affidavits from anyone during this extraordinarily lengthy period. This deficiency alone warrants the denial of his request. *See Steele v. City of Cleveland*, 375 F. App'x 536, 540 (6th Cir. 2010). Plaintiff has not shown that the defendants' responses to his discovery requests were deficient. If he believed that defendants' answers were inadequate, his remedy was to file a motion to compel before the close of discovery. Eleven months was a more than adequate period for plaintiff to complete his discovery. Rule 56(d) "'will not be applied to aid a party who has been lazy or dilatory. . . . [A] request for relief under Rule 56[d] is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.'" *Jackson v. Int'l Fiber Corp.*, No. 09-3126, 2010 WL 3521957, at * 4 (6th Cir. Sept. 3, 2010) (quoting 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2741 at 429-31 (3d ed. 1998)). The discovery plaintiff is belatedly seeking under Rule 56(d) is not necessary to support any claim at issue in this lawsuit. His proposed discovery would not cure the fatal lack of medical evidence supporting his allegations that he received the wrong medications or incorrect dosages. I recommend that plaintiff's request to delay a ruling on defendant's summary judgment motion be denied.

### 2. Injunctive Relief

Plaintiff filed this lawsuit while he was a detainee at the Cass County jail. His claims for injunctive relief were rendered moot on January 29, 2010, when he was transferred into the MDOC's custody. *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### 3. Fourteenth Amendment Damage Claims

Plaintiff alleges that defendants Kent and Mashni were deliberately indifferent to his serious medical needs. As a pretrial detainee, plaintiff's constitutional rights were secured through the Fourteenth Amendment's Due Process Clause rather than directly from the Eighth Amendment's prohibition against cruel and unusual punishment. Through the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment protections as convicted prisoners. *See Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against these defendants.[4]

The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2005). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* A non-obvious need for medical care can satisfy the "serious" medical need requirement, but "the inmate must place verifying medical evidence in the record to

---

[4]Defendants Kent and Mashni are not entitled to judgment in their favor on the alternative ground of qualified immunity. They have not supplied evidence regarding their employer's identity. State and municipal employees can be entitled to qualified immunity. *See Reid Mach., Inc. v. Lanzer*, No. 09-3665, 2010 WL 4643305, at * 2-4 (6th Cir. Nov. 18, 2010); *Colvin v. Caruso*, 605 F.3d 282, 291 (6th Cir. 2010); *see also Carter v. Reach*, No. 09-60776, 2010 WL 4272466, at * 1 (5th Cir. Oct. 29, 2010). Qualified immunity does not extend to employees of private medical providers. *See Harrison v. Ash*, 539 F.3d 510, 521-25 (6th Cir. 2008).

establish the detrimental effect of the delay in medical treatment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). A reasonable trier of fact could find that plaintiff's hypertension would satisfy the objective component of an Eighth Amendment claim.

The second prong under *Estelle* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A jail official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted); *see Grose v. Correctional Med. Servs., Inc.*, No. 09-2168, 2010 WL 4807080, at * 2 (6th Cir. Nov. 18, 2010); *Dotson v. Phillips*, 385 F. App'x 468, 471 (6th Cir. 2010) ("Mere negligence does not amount to deliberate indifference, as medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) ("The subjective standard is meant to prevent the constitutionalization of medical malpractice claims. . . ."); *accord Mabry v. Antonini*, 289 F. App'x 895, 903 (6th Cir. 2008) ("'Where a prisoner has

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law.'") (quoting *Westlake*, 537 F.2d 860 n.5).

Plaintiff has not presented evidence sufficient to support the subjective component of a claim for deliberate indifference to serious medical needs against any defendant. The record shows that he received a tremendous amount of health care. He cannot possibly show deliberate indifference on this record. His claims that defendants "should have" provided him with "different" medical care are at best, state-law malpractice claims. His disagreement with the medical treatment he received at the Cass County jail falls far short of supporting an Eighth Amendment claim. *See e.g.*, *Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006). I find that defendants Kent and Mashni are entitled to judgment in their favor as a matter of law on plaintiff's Fourteenth Amendment claims.

### 4. Van Buren County

Van Buren County concedes that, "The Van Buren County and Cass County Health Departments share the responsibility for staffing both counties' jails with medical personnel to provide medical care to the inmates." (Def. Brief at 3 n.1, docket # 54). Plaintiff has not provided medical evidence that the treatment he received as a detainee was deficient. Even assuming that plaintiff had presented evidence that the care he received was inadequate, he would still fall well short of what is required to hold Van Buren County liable under section 1983. A municipality "cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under section 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social*

*Servs.*, 436 U.S. 658, 691 (1978); *see Los Angeles County v. Humphries*, 131 S. Ct. 447, 452 (2010); *Jones v. Muskegon County*, 625 F.3d at 946 ("Counties may not be held vicariously liable under 42 U.S.C. § 1983 for the actions of their employees or agents."). Municipal liability under section 1983 is limited to deprivations of federally protected rights caused by action taken "pursuant to official municipal policy of some nature." *Monell*, 436 U.S. at 691. The "official policy" requirement of *Monell* was intended to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembauer v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). The plaintiff must demonstrate *both* the existence of an official custom or policy *and* "a direct causal link" between the policy and the alleged constitutional violation. *See Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). "These stringent standards are necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*." *Graham ex rel. Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2003)(citations omitted).

Plaintiff argues that Van Buren County had a custom of "mishandled medical conditions for pre-trial detainees." (Plf. Brief at 26, docket # 56). Plaintiff has not supplied evidence of a municipal custom or policy or that he suffered an injury as a result of execution of that policy. *See Jones* v. *Muskegon County*, 625 F.3d at 946-47. His reliance on the "affidavits" supplied by Timothy E. Howard (docket # 56-2 at ID #s 455-57, 459) and Dwain Jackson (*Id.* at ID# 458) is misplaced. These documents are not signed under penalty of perjury and do not satisfy the requirements for affidavits or unsworn declarations. *See* FED. R. CIV. P. 56(c)(4); 28 U.S.C. § 1746; *see also Tenneco Auto Operating Co. v. Kingdom Auto Parts*, Nos. 08-2276, 09-1920, 2010 WL 4365580, at * 5-6 (6th Cir. Oct. 28, 2010); *Counts v. Kraton Polymers, U.S., LLC*, 260 F. App'x 825,

829 (6th Cir. 2008). Even assuming that the statements had been presented in an admissible format, Howard's disagreement with a doctor's treatment of his rash and Jackson's conclusion that "for the largest part" he was "without access to medical [care]" would not suffice at the summary judgement stage. There is no medical evidence that plaintiff, Howard, or Jackson received inadequate or inappropriate medical care, much less evidence of a "custom that was so widespread, permanent and well settled as to have the force of law." *Jones* v. *Muskegon County*, 625 F.3d at 946 (citation and quotation marks omitted); *see McClendon v. City of Detroit*, 255 F. App'x 980, 982 (6th Cir. 2007). I find that Van Buren County is entitled to judgment in its favor as a matter of law on this independent ground.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's request to delay a ruling on defendants' summary judgment motion (docket # 59) be denied. I further recommend that plaintiff's claims for injunctive relief be dismissed as moot. I further recommend that defendants' motion for summary judgment (docket # 53) be granted and that judgment be entered in defendants' favor on all plaintiff's damage claims.

Dated: December 29, 2010        /s/ Joseph G. Scoville
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129

S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).